IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ANTWON PARKER, PRO SE, | § | |
| TDCJ-CID No. 1311517, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:11-CV-0285 |
| | § | |
| Mr. NFN MARKEZ, Extortion Officer, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**

Plaintiff's claims against defendant MARKEZ were severed from cause no. 2:11-CV-0116 and the instant cause was opened by the Order to Sever entered December 1, 2011.

Plaintiff ANTWON PARKER, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendant and has been granted permission to proceed in forma pauperis.

After sustaining an injury at another unit and receiving treatment, plaintiff was transferred to the Dalhart Unit where he was subsequently treated for complaints of pain and need of a knee brace. Plaintiff has an ongoing lawsuit concerning the medical treatment he received at his previous unit. Plaintiff has also filed a lawsuit against a defendant FISK at his present unit complaining of the medical care he received there.

Plaintiff states defendant MARKEZ is the extortion officer at the Dalhart Unit ad has the duty of ensuring that no inmate is being extorted for money, property, etc. Plaintiff says he also performs other duties such as searching inmate property during lockdown shake-downs.

Plaintiff claims that, during one such shake-down, defendant MARKEZ confiscated his property without confiscation papers in retaliation for plaintiff's efforts to pursue legal action, violating plaintiff's Fourteenth Amendment rights and committing theft of plaintiff's property. Plaintiff also claims defendant MARKEZ wrote a false disciplinary case against him that was overturned at step 2 of the grievance process. Plaintiff requests defendant MARKEZ be ordered to immediately return to plaintiff the chess set and dominoes that were confiscated or reimburse him for their value. Plaintiff also requests an award of compensatory and punitive damages.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

---

[1]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

**Retaliation in Obtaining Medical Records**

The law is well established that prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts. *Ruiz v. Estelle,* 679 F.2d 1115, 1153 (5th Cir.), *opinion amended in part and vacated in part,* 688 F.2d 266 (1982), *cert. denied,* 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983); *Campbell v. Beto,* 460 F.2d 765, 768 (5th Cir.1972); *Andrade v. Hauck*, 452 F.2d 1071, 1072 (5th Cir.1971). In *Ruiz* the Fifth Circuit also held prison officials were prohibited from "retaliation against inmates who complain of prison conditions or official misconduct." 679 F.2d at 1154. A guard may not harass an inmate in retaliation for the inmate's use of the grievance system.

To claim retaliation, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). To state a claim, the inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Conclusory allegations of retaliation are not sufficient; the plaintiff must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). A plausible entitlement to relief exists when the allegations in the complaint cross the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 557 n.5, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007). Moreover, causation requires the plaintiff show that but for the retaliatory motive, the adverse act would not have occurred. *McDonald*, 132 F.3d at 231. Finally, the retaliatory adverse act must be more than inconsequential or *de minimis*, that is, it must be capable of deterring a person of ordinary firmness from further exercising his constitutional rights. *Morris v. Powell*, 449 F.3d 682 (5th Cir. 2006).

Plaintiff arrived at the Dalhart Unit on November 2, 2009 and saw P.A. Fisk on November 10, 2009. When she refused to give him a bottom bunk restriction, he threatened to take legal action. Plaintiff also complained of P.A. Fisk to a Mr. Page and got a bottom bunk restriction. Plaintiff has attached several I-60s dated February of 2010 and one dated April of 2010 in which he requested a copy of his medical records and complained of the delay in obtaining them. Plaintiff alleges he was "given the run around."

Plaintiff had to authorize the deduction of $9.00 from his inmate trust account to pay the cost of the copies he wanted. Review of plaintiff's Step 1 grievance no. 2010148544, attached to plaintiff's complaint, shows he signed the authorization on or about March 1, 2010, affirming that he had the necessary $9.00 in his trust fund account. Plaintiff was told it would take from one to four months to process the request and get the records he wanted.

On April 26, 2010, plaintiff received a disciplinary case by defendant MARKEZ for having lied when he authorized the $9.00 withdrawal because he didn't have the necessary $9.00 in his account. The Disciplinary Report and Hearing Record for case no. 20100236045, attached to plaintiff's complaint, shows plaintiff argued in his defense that the disciplinary case was written April 25th and that he had the money in his account on the date he authorized it and that

the account was replenished a few days later.  Plaintiff argued no attempt was made to take the money out while he had it and that later he had to buy hygiene and legal items.  Plaintiff also argued he was misled by the representation that it would take a month or more to process the request.  Plaintiff was found guilty and was punished with a seven-day loss of recreation and seven days of cell restriction.

The decision was affirmed at the Step 1 grievance level, but it was reversed at Step 2, with an option for the Warden to rehear the offense.  No reason for the reversal was given.

Initially, the Court notes plaintiff admits that, after authorizing the $9.00 deduction from his inmate trust account, plaintiff expended funds from his account until the balance was below the $9.00 limit.

Nevertheless, plaintiff claims MARKEZ gave him the disciplinary case in retaliation for his threats of legal action and complaints against P.A. Fisk and for his attempts to get his medical records.  The sole connection between defendant MARKEZ and P.A. Fisk alleged by plaintiff is that MARKEZ' wife is a nurse and, therefore, works in the infirmary with Fisk.  Plaintiff has not alleged facts sufficient to support a claim of retaliation by defendant MARKEZ, or, indeed, by anyone.  There is nothing showing MARKEZ or his wife was involved in the ordering of his medical records or the processing of his authorization by the inmate trust account.  There is no suggestion how they could have influenced the timing of the attempted deduction from plaintiff's trust account.

Critically, plaintiff has alleged no fact to support his implicit claim of conspiracy involving, at a minimum, defendant MARKEZ, P.A. Fisk, someone at the medical archives charged with processing plaintiff's request for records, and someone at the inmate trust fund

charged with making the authorized deduction. Conclusory allegations lacking reference to material facts are not sufficient to state a claim of conspiracy under section 1983, *McAfee v. 5th Circuit Judges*, 884 F.2d 221 (5th Cir.1989), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1141, 107 L.Ed.2d 1046 (1990). Plaintiff's argument that "they" waited until his trust fund dropped below $9.00 to process his request and have an excuse to write him the disciplinary case is, at best, speculative.

Plaintiff has utterly failed to allege facts to satisfy the causation element of a retaliation claim and his allegation of retaliation fails to cross the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 n.5, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007).

Because the baseless retaliation claim was the only link between plaintiff's claims against P.A. Fisk and MARKEZ, the Court severed the claims against MARKEZ into the instant cause. The Fifth Circuit has discouraged "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes provision. See *Patton v. Jefferson Correctional Center,* 136 F.3d 458, 464 (5th Cir.1998).

To the extent plaintiff asserts a simple claim that defendant MARKEZ wrote an unfounded, or bogus, disciplinary case, the facts presented by plaintiff do not support such a claim. Plaintiff, himself, states he spent his account balance below the $9.00 he needed to reserve to meet the prior authorized expenditure.

In any event, there is no longer a freestanding section 1983 claim for malicious prosecution in the Fifth Circuit. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003). An

inmate's claim that an officer initiated disciplinary proceedings against him without probable cause does not state a claim.

**Retaliation in Property Confiscation**

Plaintiff further alleges that, during a January 5, 2011 shake down of plaintiff's property, defendant MARKEZ took plaintiff's chess set, dominos, and other unidentified items without giving plaintiff confiscation papers. Plaintiff says his repeated oral and written requests for the return of his property have been unsuccessful.

Plaintiff states defendant MARKEZ responded to plaintiff's requests by saying he gave plaintiff's property to an Officer Alveras, who works in the property department, so Alveras could issue the confiscation papers and now his property can't be found.

A state actor's failure to follow state procedural regulations does not constitute a violation of due process if "constitutional minima" are met. *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994); *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). Section 1983 will not support a cause of action if a person's property is taken by random and unauthorized conduct of a state actor and the state provides an adequate post-deprivation remedy. *Cathey v. Guenther*, 47 F.3d 162 (5th Cir. 1995). A prisoner's due process rights are not violated by the confiscation of property without regard to prison policy requiring notice and the opportunity to be heard, where the tort of conversion provides adequate post-deprivation remedies under Texas law. *Murphy v. Collins*, 26 F.3d at 543. Plaintiff's claim against MARKEZ lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989).

Plaintiff has utterly failed to allege any fact showing MARKEZ' actions were triggered by retaliatory motive and, therefore, has also failed to state a claim of retaliation on which relief can be granted.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff ANTWON PARKER be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this <u>21st</u> day of December, 2011.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or

transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).