IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ANTWON PARKER, PRO SE, § <br> TDCJ-CID No. 1311517, § <br> § <br> Plaintiff, § <br> § <br> v. §    2:11-CV-0285 <br> § <br> Mr. NFN MARKEZ, Extortion Officer, § <br> § <br> Defendant. § | |

## ORDER OF DISMISSAL

Plaintiff ANTWON PARKER, while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendant, and has been granted permission to proceed *in forma pauperis*.

On December 21, 2011, a Report and Recommendation was issued by the United States Magistrate Judge recommending the instant cause be dismissed with prejudice as frivolous and for failure to state a claim on which relief can be granted.

Plaintiff filed his Objections on January 4, 2012, saying that, in his complaint, he "confused or misrepresented some of the facts[1]."

To the extent plaintiff has alleged additional facts in his objections, the Court considers them to be an amendment to his complaint and will address them below.

---

[1] Plaintiff's Objections at page 2.

By his Objections, plaintiff complains he made repeated requests for medical attention and threats to take legal action. He says he made repeated requests for his medical records and was "put off." Plaintiff says he requested specific medical records. In fact, review of plaintiff's I-60 shows he did not request specific records or even all records for a specific time period. Instead, plaintiff requested records concerning specific ailments. That, of course, meant his records had to be reviewed to identify those which were or might be relevant to the ailments plaintiff had identified. Such a review took time, as the responses to plaintiff's I-60s show. Plaintiff presents no fact but his own impatience to support his claim that the time consumed in the search for and production of those records relating to the identified ailments was excessive. Further, plaintiff has presented no allegation of fact connecting the person(s) doing the search and production with any conspiracy to retaliate against plaintiff.

Plaintiff complains that, after authorizing the withdrawal of $9.00 from his inmate trust account, plaintiff was written a disciplinary case by defendant MARKEZ in April of 2010 for not having the full $9.00 amount in his account on a day when he actually had $9.00. This is a new allegation of fact. Previously plaintiff had alleged unidentified persons ("they") kept watch on his account until it fell below $9.00 and then seized upon the opportunity to write him a disciplinary case. Plaintiff contends he was written the case by defendant MARKEZ, the extortion officer, for the medical department because his wife is a nurse working under Physician's Assistant Fisk. Plaintiff alleges no fact to support this allegation. Plaintiff also newly alleges that, as extortion officer, defendant MARKEZ had access to the information on plaintiff's inmate trust account. A plausible entitlement to relief exists when the allegations in

2

the complaint cross the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 n.5, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007). The facts presented by plaintiff as readily support a view that MARKEZ wrote the case for the trust account department. Further, the mere fact that MARKEZ' wife is a nurse in the infirmary where Physician's Assistant Fisk works is not an allegation of material fact sufficient to support a claim of conspiracy between the three of them to retaliate against plaintiff. *McAfee v. 5th Circuit Judges*, 884 F.2d 221 (5th Cir.1989), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1141, 107 L.Ed.2d 1046 (1990).

Plaintiff alleges the disciplinary case alleged written by defendant MARKEZ for retaliatory purposes stated his balance was less than $9.00 on March 23rd when, in fact, it did not fall under $9.00 until March 27th. Plaintiff contends the successful appeal of his disciplinary case at Step 2 of the grievance process is evidence that the case was retaliatory. Under some circumstances, this might be so; however, in the absence of allegations of material fact of conspiracy to retaliate between MARKEZ, his wife, and P.A. Fisk, plaintiff has alleged sufficient facts to support a retaliation claim against defendant MARKEZ.

Although plaintiff now complains he was "denied" his medical records for seven months during which he had the necessary $9.00 in his inmate account, as noted in the Magistrate Judge's Report and Recommendation, plaintiff's Step 1 grievance no. 2010148544, attached to plaintiff's complaint, shows he signed the authorization on or about March 1, 2010, affirming that he had the necessary $9.00 in his trust fund account. Plaintiff was told it would take from

one to four months to process the request and get the records he wanted. It was less than a month after plaintiff authorized the withdrawal of $9.00 that he spent his account below that amount.

Plaintiff reiterates his claim that "his account was searched for a day and time the money was not in the account to say he didn't have it" in an attempt to hide what was in his medical records[2]. Again, plaintiff has presented no allegation of material fact to support the existence of such a conspiracy.

Plaintiff complains that, almost a year later, in January of 2011, defendant MARKEZ took plaintiff's property for no legitimate reason and did not give him confiscation papers for the items taken. As noted in the Magistrate Judge's Report and Recommendation, plaintiff alleges no fact to support any claim of retaliatory conspiracy. To the extent plaintiff simply claims MARKEZ' actions in the confiscation were wrongful, such facts state a claim which has no arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989).

Plaintiff newly complains of "harassment by staff being forced to climb, lift, carry or drag heavy property suffering the excruciating and agonizing pain on top of the pain being suffered from the injuries themselves would surely deter a person of ordinary firmness from further exercising his constitutional rights." Plaintiff alleges no fact to connect any member of "staff" with any conspiracy to retaliate against him nor does he explain how he was harassed except by being required to move his own property during a shakedown, just as other inmates are required

---

[2]Plaintiff's Objections at page 3.

4

to do. Critically, although plaintiff appears to think defendant MARKEZ was somehow to blame, plaintiff does not allege any fact to support such a claim.

Plaintiff has had sufficient opportunity to cure the deficiencies in his factual pleadings and has attempted to supplement the facts alleged in his complaint with additional facts in his objections to support his claims of conspiracy and retaliation. Plaintiff's objections show that, even with the addition of new factual allegations, plaintiff is unable to provide facts sufficient to support his claims and, therefore, appears to have stated his best case. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). The required opportunity to amend does not does not mean that a plaintiff must be allowed to continue to amend or supplement his pleading until he stumbles upon a formula that carries him over the threshold. *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).

The Court has made an independent examination of the records in this case and has examined the Magistrate Judge's Report and Recommendation, as well as the Objections filed by the plaintiff and plaintiff's original and amended complaints.

The Court is of the opinion that the objections of the plaintiff should be OVERRULED and the Report and Recommendation of the United States Magistrate Judge should be ADOPTED by the United States District Court, a supplemented herein.

This Court, therefore, does OVERRULE plaintiff's objections, and does hereby ADOPT the Report and Recommendation of the United States Magistrate Judge, as supplemented herein.

IT IS THEREFORE ORDERED that the Civil Rights Complaint by ANTWON PARKER is DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

The Clerk shall send a copy of this order to plaintiff and to any attorney of record. The Clerk shall also mail copies of this order to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

Signed this the _____ day of January, 2012.

_____
MARY LOU ROBINSON
United States District Judge